IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40617
Conference Calendar

_____


JAMES E. LEE ET AL.,

                                        Plaintiffs,

JAMES E. LEE,

                                        Plaintiff-Appellant,

versus

KEITH PRICE, Head Warden; KENNETH WILLIAMS,
Ad/Seg Captain; THE DARRINGTON UNIT OF TEXAS;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
DAVID HATT, Captain,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-92-CV-275 c/w
USDC No. G-92-CV-291
- - - - - - - - - -

April 19, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

James E. Lee, Texas inmate # 355539, proceeding *pro se* and

*in forma pauperis* appeals the summary-judgment dismissal of his

civil rights lawsuit.  Lee contends that the district court

abused its discretion by consolidating his complaint with the

civil rights complaint filed by another inmate.  Lee contends

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the district court erred by dismissing his complaint without conducting a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Lee has failed to preserve any issues for appeal related to the claims that he raised in the district court by failing to challenge the district court's reasons for dismissing his complaint. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)(when appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment).

The district court did not abuse its discretion by consolidating Lee's complaint with another civil rights complaint because the actions involved "common question[s] of law or fact." Fed. R. Civ. P. 42(a); *Bottazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981). The district court did not err in dismissing Lee's complaint following summary judgment without conducting a *Spears* hearing. *See* Fed. R. Civ. P. 56.

Lee's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as one "strike" for purposes of 28 U.S.C. § 1915(g). We caution Lee that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

DISMISSED AS FRIVOLOUS; WARNING ISSUED.